**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RODNEY K. TADLOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>TRANSPORTATION, RAY H. LAHOOD, )<br>SECRETARY, )<br>)<br>Defendant. )<br>_____) | Case No. 12-2148-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, filed this case on March 9, 2012, alleging claims of retaliation under the Rehabilitation Act of 1973[1] against his former employer, Defendant Department of Transportation. The Court issued a Memorandum and Order granting summary judgment in favor of Defendant.[2] Plaintiff appealed this Court's decision, and the Tenth Circuit Court of Appeals affirmed the decision in an Order and Judgment dated December 5, 2013.[3] This matter is now before the Court on several pending motions: Plaintiff's Motion for Reinstatement of Defense Ex. 10 Motion(s)–Rule 60(b)(1)(6) (Doc. 26); Plaintiff's Amended Motion for Reinstatement of Defense Ex. 10 Motion(s)–Rule 60(b)(1)(6) (Doc. 28); Defendant's Motion to Strike Plaintiff's First Amended Complaint (Doc. 32); Defendant's Motion to Strike Plaintiff's First Amended Response to the FAA's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 33); Defendant's Motion to Strike Plaintiff's Second Amended

---

[1]29 U.S.C. §§ 701–796l.

[2]Doc. 23.

[3]Doc. 48; *Tadlock v. Lahood*, —F. App'x —, 2013 WL 6284428 (10th Cir. 2013).

Complaint (Doc. 34); and Defendant's Motion to Strike Plaintiff's Second Amended Response to the FAA's Motion to Dismiss or in the Alternative, For Summary Judgment (Doc. 35).

On April 8, 2013, Plaintiff filed three documents: a "Motion for Reinstatement" (Doc. 26) and two additional documents filed in support of the motion—Plaintiff's Complaint with a new declaration page (Doc. 27) and Plaintiff's Motion Opposing Dismissal or Summary Judgment with new declarations page (Doc. 25). On April 9, 2013, Plaintiff filed an amended Motion for Reinstatement (Doc. 28) stating that he "inadvertently printed out the incorrect version on April 8, 2013," and asking the Court "to accept the new version with additional attachments and edited content citing [his] ROI references." Plaintiff also filed amended versions of the supporting documents: Plaintiff's Complaint–Amendment #2 (Doc. 30) and Plaintiff's Motion Opposing Dismissal or Summary Judgment–Amendment #2 (Doc. 29). In light of Plaintiff's amended motion, the Court finds that Plaintiff's original motion (Doc. 26) is moot and therefore denied. Because the motion is moot, the Court will grant Defendant's motions to strike the original supporting documents. Therefore, the Court will only address Plaintiff's Amended Motion for Reinstatement (Doc. 28); Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 34); and Defendant's Motion to Strike Plaintiff's Second Amended Response to the FAA's Motion to Dismiss or in the Alternative, For Summary Judgment (Doc. 35).

## I. Procedural and Factual Background

This Court previously held in its March 6, 2013 Memorandum and Order that Defendant was entitled to summary judgment because Plaintiff could not establish a genuine issue of material fact that he was retaliated against under the Rehabilitation Act under any of the three

theories he administratively exhausted: (1) denial of his request of October 16, 2007, for a shift change on October 17, 2007; (2) a medical records request in November 2007; and (3) constructive discharge in December 2007.[4] Plaintiff claims that all three of these actions were in retaliation of his November 2006 EEO claim.

The Court found that with regard to the denial of Plaintiff's request for a shift change, there was no objective evidence in the record of material disadvantage associated with the October 16, 2007 denial of shift change—it did not affect Plaintiff's job status or pay. Plaintiff offered no admissible evidence that working the day shift on October 17, 2007, was objectively preferable, only that it was a temporary reassignment that he subjectively preferred. Moreover, the Court found no evidence of causal connection—the undisputed evidence shows that Price was unaware of Plaintiff's EEO complaint when he denied the shift change request.[5] While Plaintiff suggested that Price was not truthful when he testified accordingly at the administrative hearing, the Court found that such conclusory assertions were insufficient to create a genuine issue of material fact. Furthermore, the Court found that even if Plaintiff could make out a prima facie case with regard to this claim, he is unable to show that the FAA's nonretaliatory explanation is unworthy of credence.

Plaintiff's second claim is that the FAA's request for medical documents in November 2007 was retaliatory—designed to harass him. The Court again found that the request for medical records was not an adverse employment action. There was no evidence that the request itself materially changed the terms or conditions of his employment, even though the information

---

[4]Doc. 23.

[5]*See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007).

discovered within those documents led to his temporary incapacitation.

Lastly, Plaintiff claimed that he was constructively discharged because he was "disqualified" by Dr. Wilson for his use of a sleep aid medication, a status that he alleged effectively ends an air traffic controller's career. But the Court found there was no evidence in the record that Plaintiff was ever disqualified, and that his statements to the contrary were inadmissible. The Court found that there was no genuine issue of material fact about whether Plaintiff's working conditions were objectively intolerable and that Plaintiff clearly had another reasonable choice other than retiring—returning to work in an administrative capacity and waiting for the results of the medical investigation.

The Tenth Circuit Court of Appeals affirmed this Court's decision on December 5, 2013.[6] In that decision, the Tenth Circuit found that although Plaintiff largely disputes the entry of summary judgment on the ground that this Court relied on false evidence, none of his arguments creates a genuine issue of material fact.[7] The Tenth Circuit further found that Plaintiff's argument regarding "temporal proximity" is not directed to any of the three claims of retaliation that he administratively exhausted.[8] The Court also found that Plaintiff distorted Wilson's testimony during the administrative phase of the case, and held that "the medical records request itself was not a materially adverse employment action because the request did not materially change the terms or conditions of Tadlock's employment."[9] Likewise, the Court agreed "that the

---

[6]Doc. 48.

[7]*Id.* at 7.

[8]*Id.*

[9]*Id.* at 9.

4

denial of Tadlock's shift-change request was not a materially adverse employment action."[10]

## II.    Discussion

### A.    Plaintiff's Amended Motion for Reinstatement of Defense Ex. 10 Motion(s)– Rule 60(b)(1)(6) (Doc. 28)

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[11] A motion to alter or amend judgment pursuant to Rule 59(e) must be filed no later than 28 days after entry of the judgment and may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[12] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[13] Because Plaintiff filed his motions for reinstatement more than 28 days after the Court entered its judgment on March 6, 2013, the Court construes the motion under Rule 60(b).

Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[10]*Id.* at 10.

[11]D. Kan. Rule 7.3(a).

[12]Fed. R. Civ. P. 59(e); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[13]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

5

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[14]

Plaintiff presents no valid legal argument to warrant relief from the Court's order. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."[15] "[A] Rule 60 motion is not a tool to rehash arguments that the court has already considered and rejected, or to present new arguments based upon law or facts that existed at the time of the original briefing."[16]

Plaintiff merely rehashes prior arguments or asserts new arguments that are based upon facts that were in existence at the time of the original briefing. Plaintiff asserts his "temporal proximity" argument that was rejected by the Tenth Circuit because it did not relate to the three claims at issue in this case. Plaintiff also argues that Troy Price's testimony is false regarding Plaintiff's shift-change claim. However, the Court found that this was not an adverse employment action, and Plaintiff acknowledges in his reply that "[t]he shift change request was not for material gain, it was for the safety of the flying public. Plaintiff would actually loose [sic] evening shift differential pay by switching to a day shift."[17] This Court found that neither

---

[14]Fed. R. Civ. P. 60(b).

[15]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

[16]*Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, Case No. 09-4158-SAC, 2011 WL 4691933 at *1 (D. Kan. Oct. 6 2011) (citing *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver*, 952 F.2d at 1243–44; *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

[17]Doc. 38 at 1.

6

the shift change request nor the medical records request amounted to an adverse employment action, and that with regard to Plaintiff's constructive discharge claim, there was no genuine issue of material fact about whether Plaintiff's working conditions were objectively intolerable. Plaintiff had another reasonable choice other than retiring—returning to work in an administrative capacity and waiting for the results of the medical investigation. Nothing in Plaintiff's post-judgment pleadings shows that these findings were in error or that Plaintiff is entitled to relief under Rule 60(b).

Plaintiff also asserts that he is supplying declaration pages that were not originally concluded. However, this Court's order granting summary judgment found that:

> Plaintiff filed a form Complaint,[18] as well as a narrative Complaint to which he attached several exhibits.[19] Neither document is verified—they are not signed under penalty of perjury or notarized.[20] Moreover, many of the statements contained in Plaintiff's narrative pleading are not based on personal knowledge, but instead, on mere belief. Instead, the document is replete with conclusory allegations, hearsay, and statements of mere belief. *Even if the document was verified, the Court would find such statements to be inadmissible.* So the Court finds that Plaintiff's statements of fact supported merely by the narrative portion of his Complaint are insufficient to controvert the facts set forth in Defendant's motion for summary judgment. To the extent Plaintiff supports his factual statements with the exhibits attached to the Complaint, however, the Court will consider the statements, as Defendant also relies on these documents in its motion. And the Court will consider statements that Plaintiff can support with the admissible evidence submitted by Defendant along with its summary judgment motion. The Court notes however, that

---

[18]Doc. 1.

[19]Doc. 2. Plaintiff repeatedly objects to Defendant's citations to "Doc. 2." This citation refers to the Docket Entry Number for the document in this case. Doc. 2 in this case is the same document that Plaintiff refers to as his Complaint. Because this is a document compiled and submitted for filing by Plaintiff, his objection that he did not receive something called "Doc. 2" is overruled and denied.

[20]*See* 28 U.S.C. § 1746.

> Defendant did not submit the entire record from the administrative proceeding, so some of the documents cited by Plaintiff are not included in the record and therefore are not considered by the Court.[21]

Plaintiff has not shown grounds for relief under Rule 59(e) or Rule 60. Accordingly, Plaintiff's motion for reinstatement is denied.

### B. Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 34)

This Court entered its Memorandum and Order and Judgment on March 6, 2013.[22] On April 9, 2013, Plaintiff filed "Plaintiff's Complaint–Amendment #2" (Doc. 27) without leave of Court. Defendant seeks to strike Plaintiff's Second Amended Complaint.

Fed. R. Civ. P. 15 governs amendments to the complaint. Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[23] Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[24] Courts "should freely give leave when justice so requires."[25] Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[26]

---

[21] Doc. 23 at 6–7 (emphasis added).

[22] Docs. 23 and 24.

[23] Fed. R. Civ. P. 15(a)(1).

[24] Fed. R. Civ. P. 15(a)(2).

[25] Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[26] *See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010).

8

Motions to amend the complaint after judgment is entered are conditioned upon the Court granting relief from judgment under either Fed. R. Civ. P. 59 or 60:

> The Tenth Circuit has held that "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1489 (1971)) (other citations omitted); *National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir.1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); *see also Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir.1996) (following *Cooper* and affirming denial of motion to amend after entry of judgment).[27]

As stated above, Plaintiff is not entitled to relief from judgment, and therefore leave to amend is denied. Plaintiff received Defendant's reply on August 1, 2013, and had over seven months to seek leave from the Court to correct the deficiencies highlighted by Defendant prior to this Court's March 6, 2013 Memorandum and Order. Only after the Court's adverse ruling does Plaintiff attempt to correct those deficiencies.

When faced with an unfavorable dismissal, parties may not simply amend their complaint to reinstate dismissed parties or claims. A court, furthermore, may properly deny leave to amend on undue delay alone when there is no justification for failing to amend earlier.[28] Leave to amend is properly denied when there is an unexplained delay and a prior ruling that disposes of the entire case.[29] Courts do not favor amendments "to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse

---

[27]*Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998).

[28]*See Hayes v. Whitman*, 264 F.3d 1017, 1026-27 (10th Cir. 2001).

[29]*See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799-800 (10th Cir. 1998).

9

rulings."[30] The liberal amendment policy of Fed. R. Civ. P. 15(a) does not envision a new amendment each time the Court dismisses a party or claim.

        **C.    Defendant's Motion to Strike Plaintiff's Second Amended Response to the FAA's Motion to Dismiss or in the Alternative, For Summary Judgment (Doc. 35)**

Defendant's motion to strike Plaintiff's Second Amended Response should also be granted in light of the Court's denial of Plaintiff's Motion for Reinstatement and denial of Plaintiff's Second Motion to Amend Complaint. Plaintiff's Second Amended Response is an attempt to file an amended response to Defendant's motion to dismiss, or in the alternative, for summary judgment. The Court previously granted summary judgment, the Tenth Circuit affirmed that decision, and the Court is denying Plaintiff's attempt to set aside or alter that judgment or to amend his complaint.

        **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reinstatement of Defense Ex. 10 Motion(s)–Rule 60(b)(1)(6) (Doc. 26) is **DENIED AS MOOT.**

        **IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Strike Plaintiff's First Amended Complaint (Doc. 32) is **GRANTED.**

        **IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Strike Plaintiff's First Amended Response to the FAA's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. 33) is **GRANTED.**

        **IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Amended Motion for Reinstatement of Defense Ex. 10 Motion(s)–Rule 60(b)(1)(6) (Doc. 28) is **DENIED**.

        **IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Strike

---

[30]*Id.* at 800.

Plaintiff's Second Amended Complaint (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion to Strike Plaintiff's Second Amended Response to the FAA's Motion to Dismiss or in the Alternative, For Summary Judgment (Doc. 35) is **GRANTED.**

**IT IS SO ORDERED.**

Dated: <u>March 31, 2014</u>

                                                <u>S/ Julie A. Robinson</u>
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE